United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued May 11, 1998 Decided July 24, 1998

 No. 96-7192

 Anthony Crowell, 

 Appellant

 v.

 Edward Walsh, 

 Administrator and 

 Matthew McLean, Deputy Warden, 

 Maximum Security Facility, 

 District of Columbia Department of Corrections, 

 Appellees

 Appeal from the United States District Court 

 for the District of Columbia 

 (No. 96cv00339)

 Jonathan M. Smith, appointed by the court, argued the 
cause and filed the briefs for appellant.


 Mary L. Wilson, Assistant Corporation Counsel, argued 
the cause for the District of Columbia appellees. With her on 
the briefs were John Ferren, Corporation Counsel, and 
Charles L. Reischel, Deputy Corporation Counsel. Jo Anne 
Robinson, Principal Deputy Corporation Counsel, entered an 
appearance.

 Before: Wald, Williams and Tatel, Circuit Judges.

 Opinion for the Court filed by Circuit Judge Williams.

 Williams, Circuit Judge: Anthony Crowell was convicted 
in Virginia state court and is currently serving time at the 
District of Columbia jail, having been transferred to D.C. 
under the Interstate Corrections Compact ("ICC"), D.C. 
Code s 24-1001, Va. Code. ss 53.1-216, 217. The district 
court denied his petition for a writ of habeas corpus, which 
was filed pursuant to 28 U.S.C. s 2241. We hold that Cro-
well is not entitled to a certificate of probable cause and 
dismiss the appeal.

 Crowell was sentenced by the Commonwealth of Virginia to 
more than 30 years in prison for robbery and murder. He 
began serving his sentence in Virginia but thanks to an 
"extensive enemy list" he was transferred to a prison in New 
Mexico under the ICC. After assaulting a prison guard and 
being generally uncooperative in New Mexico Crowell was 
transferred again under the ICC, this time to the Lorton 
Correctional Complex in Occoquan, Virginia, which is part of 
the District of Columbia penal system. See D.C. Code 
s 24-442. On February 22, 1996, while housed at Lorton, 
Crowell filed his federal habeas petition, alleging that D.C. 
officials had denied him due process and equal protection by 
not awarding him good conduct credits to which he was 
entitled under Virginia law.

 As a threshold matter we note that Crowell's claim of 
entitlement to good conduct credits must be brought in 
habeas because it would accelerate his release if successful. 
Preiser v. Rodriguez, 411 U.S. 475 (1973). Under our deci-
sion today in Blair-Bey v. Quick, No. 96-5280, therefore, his 
claim is not one that required him to comply with the filing 

fee provisions of the Prison Litigation Reform Act, 28 U.S.C. 
s 1915(b). In addition, the parties appear to agree that 
Crowell has exhausted his Virginia state habeas remedies.

 There remains the question whether Crowell's appeal is 
governed by the certificate of appealability requirement of 
the Antiterrorism and Effective Death Penalty Act 
("AEDPA"). Before the passage of the AEDPA, 28 U.S.C. 
s 2253 required state prisoners seeking to appeal denials of 
habeas relief to get a "certificate of probable cause," which 
could be issued if the prisoner made "a substantial showing of 
the denial of a federal right." Barefoot v. Estelle, 463 U.S. 
880, 893 (1983). Under the AEDPA prisoners must get a 
"certificate of appealability," which requires them to make "a 
substantial showing of the denial of a constitutional right." 
28 U.S.C. s 2253(c)(2). Since Crowell's only claims are con-
stitutional, for purposes of this case there is no difference 
between the standards for issuance of the two types of 
certificate.

 Since the parties were ordered to brief the issue, however, 
it is appropriate to specify whether we must insist on the 
AEDPA certificate or its predecessor. The Supreme Court 
has held that the AEDPA's amendments to the non-capital 
habeas provisions of Title 28 "generally apply only to cases 
filed after the Act became effective." Lindh v. Murphy, 117 
S. Ct. 2059, 2068 (1997). Noting the word "generally" in this 
passage from Lindh, the Eighth Circuit concluded that the 
certificate of appealability requirement nonetheless applies to 
all appeals filed on or after April 24, 1996, even if the 
underlying petition was filed before that date. Tiedeman v. 
Benson, 122 F.3d 518, 521 (8th Cir. 1997). The Eighth 
Circuit appeared to reach this conclusion after determining 
that such application would have no meaningful "retroactive 
effect," as defined by Landgraf v. USI Film Products, Inc., 
511 U.S. 244 (1994), because it would not "impair rights a 
party possessed when he acted, increase a party's liability for 
past conduct, or impose new duties with respect to transac-
tions already completed." Id. at 280. See Tiedeman, 122 
F.3d at 521 ("[W]e can think of no reason why a new 
provision exclusively directed towards appeal procedures 

would depend for its effective date on the filing of a case in a 
trial court, instead of on the filing of a notice of appeal or 
similar document.").
 But Lindh rejected the idea that a court should restrict 
itself to the Landgraf retroactive-effect inquiry whenever a 
statute lacks an "express command" as to "its ultimate tem-
poral reach," Lindh, 117 S. Ct. at 2062, mandating instead the 
use of "normal rules of construction" to ascertain congression-
al intent. Id. at 2063. It was on that basis that it concluded 
that the AEDPA's non-capital habeas provisions were intend-
ed by Congress to "generally apply only to cases filed after 
the Act became effective." Id. at 2068. Our conclusion that 
those provisions include even the ones addressed to appeal 
procedures is strengthened by Lindh's express disapproval of 
an Eleventh Circuit opinion invoking Landgraf to find the 
certificate of appealability requirement applicable to cases 
filed before the AEDPA's effective date but appealed after-
ward. See id. at 2062 (citing Hunter v. United States, 101 
F.3d 1565, 1569 (11th Cir.1996) (en banc)). Accordingly, we 
join every circuit (apart from the Eighth) to address the 
question after Lindh in holding that s 2253(c) does not apply 
to appeals of habeas petitions filed before the effective date of 
the Act. See, e.g., Hardwick v. Singletary, 122 F.3d 935, 936 
(11th Cir.), vacated in part on other grounds, 126 F.3d 1312 
(11th Cir. 1997); Berrios v. United States, 126 F.3d 430, 432 
n.2 (2d Cir. 1997) (collecting cases).1
 Having determined that the certificate of probable cause is 
the right kind of certificate for Crowell's case, we decline to 
issue one. Crowell's claim of entitlement to good conduct 
credits is based entirely on Virginia law, and his habeas 
petition simply "attempts to transform his state law claim into 
a federal court action by dressing it in the verbiage of due 
process and equal protection." Brandon v. District of Co-
lumbia Board of Parole, 823 F.2d 644, 651 (D.C. Cir. 1987). 
The due process claim founders on the fact that Crowell 
concededly has no constitutionally protected liberty interest 
in any particular level of good conduct credits. His habeas 
petition seems to contend that Virginia inmates transferred 
under the ICC are entitled to the highest level of credits, a 
contention that appears to be grounded in a complete mis-
__________________
 1. Earlier this month the Supreme Court held that it had certiorari jurisdiction over the Eighth Circuit's 
denial of a certificate of appealability in a s 2255 case filed by a federal prisoner before passage of the
AEDPA but appealed thereafter. Hohn v. United States, 118 S. Ct. 1969 (1998). Although the petitioner in
that case argued that the certificate of appealability requirement should not apply to such cases, see Brief for
Petitioner at 40-44, Hohn v. United States, 118 S. Ct. 1969 (1998), the Court's opinion did not address the
question. We therefore treat Lindh as the Court's last word on the subject.

reading of the relevant regulations. But the regulations do 
not contain the sort of mandatory language that could give 
rise to a liberty interest. See Ellis v. District of Columbia, 
84 F.3d 1413, 1418 (D.C. Cir. 1996). As the regulations were 
his sole basis for any claim of entitlement, there is no liberty 
or property the deprivation of which could have been without 
due process. Finally, assuming Crowell's petition can be read 
to state an equal protection claim, it is an entirely conclusory 
one and inadequate to merit a certificate of probable cause.

 The case is therefore

Dismissed.